**UNITED STATES DISTRICT COURT**

**DISTRICT OF RHODE ISLAND**

**ALBERT G. BRIEN, and H.S. REALTY CORPORATION;**
**Plaintiffs**

**vs.** : **C.A. No.** 06 229 ML

**RAYMOND L. BOURQUE, and SRW REALTY CORPORATION;**
**Defendants**

**COMPLAINT**

NOW COME Albert G. Brien and H.S. Realty Corporation, Plaintiffs in the above captioned matter and state the following:

**PARTIES AND JURISDICTION**

1. Plaintiff, Albert G. Brien (Brien), is a resident of Woonsocket, in the State of Rhode Island.

2. Plaintiff, H.S. Realty Corporation (H.S.), is a Rhode Island Domestic Business Corporation organized and existing under the laws of the State of Rhode Island.

3. Defendant, Raymond L. Bourque (Bourque), upon information and belief is a resident of the Commonwealth of Massachusetts.

4. Defendant, SRW Realty (SRW) is a Massachusetts Domestic Profit Corporation registered to conduct business in Rhode Island.

5. Defendant, Raymond L. Bourque, routinely transacts business dealings, such as buying, rehabilitating and selling real estate, within the State of Rhode Island, sufficient to establish a meaningful and substantial connection to the District of Rhode Island.

6. The amount in controversy between the parties and the issues raised herein are sufficient to confer jurisdiction upon this court based upon diversity of citizenship under 28 U.S.C.§1332.

## FACTS

7. Plaintiff Brien has been involved in numerous similar business dealings with Defendant Bourque since early 1993.

8. Plaintiff Brien continues to be involved in numerous other business dealings with Defendant Bourque involving real estate development projects.

9. Over the course of their business relationship, Brien and Bourque have developed a routine and practice of forming new companies to purchase particular parcels of real estate. Upon sale of the real estate, Bourque would recover his investment, Brien would recover any fees for specific services performed in conjunction with the real estate and/or a 50% share in the capital gains of the company.

10. Plaintiff Brien and Defendant Bourque's usual course of business consisted of Brien searching for, locating, negotiating to purchase parcels of real estate and rehabilitating the property after obtaining any necessary permits with the intention reselling the property at a profit. Defendant Bourque would supply any working capital required to secure the real estate, permits, pay taxes and fees associated with the property or the sale thereof.

11. Plaintiff H.S. Realty was formed for the purpose of purchasing and selling a development of condominiums known as Holley Springs, in the City of Woonsocket, Rhode Island.

12. In 1995, Plaintiff Brien, through his skill, expertise, effort and labor was able to negotiate the purchase of Holly Springs from Fleet Bank for $25,000.

13. In consideration for his contribution of skill, expertise, effort, and labor, Defendant Bourque agreed to share 50% of any profits from the sale of the property with Brien.

14. Bourque contributed the investment capital for the project.

15. In reliance on and in consideration of Defendant Bourque's promise of 50% of the profits from Plaintiff H.S. Realty, Plaintiff Brien has expended substantial skill, expertise, effort, and time in rehabilitating the Holly Springs development for approximately 9 years, and has increased its value to approximately $850,000.00.

16. Plaintiff Brien continues to expend skill, expertise, effort, and time to complete the rehabilitation of the Holly Springs development, without compensation, which will have an estimated value of $3,500,000.00 upon completion.

17. As a result of Plaintiff Brien's skill, expertise, effort and time, Defendant Bourque has been unjustly enriched.

18. Over the course of the last two to three years, Defendant Bourque has sought to take over several other real estate development companies in which he and Plaintiff Brien are members or shareholders without just compensation to Brien.

19. Defendant Bourque has sold off properties of other corporations he has held in common with Plaintiff Brien without providing Brien his share of the profits of those entities in accordance with their usual and customary agreements.

20. As a result of Defendant Bourque's actions, Plaintiff Brien's interests in H.S. Realty are in jeopardy.

**COUNT 1**

***Breach of Contract***

21. Paragraphs 1-20 are incorporated by reference as though fully set forth herein.

22. At all times relevant to the complaint herein, Defendant Bourque was a Director of Plaintiff H.S. Realty.

23. At all times relevant to the complaint herein, Plaintiff Brien was the Vice President of Plaintiff H.S. Realty.

24. Through Plaintiff Brien's skill and expertise he realized the tax assessments on the H.S. property was too high and filed an appeal on behalf of H.S. Realty.

25. In consideration for Plaintiff Brien's expenditure of his skill, effort, and expertise Defendant Bourque agreed to compensate him with 33% of any tax savings Brien was able to secure for H.S. Realty as well as 50% of all profits which were realized when the H.S. property was sold.

26. On February 12, 1997, the Tax Assessor concurred with Plaintiff Brien and granted Plaintiff H.S. an abatement on the taxes for the H.S. property.

27. In December 2004, Defendant Bourque settled the tax appeal on behalf of Plaintiff H.S. Realty, SuRa Realty, and Defendant SRW Realty by taking settlement totally in the name of Defendant SRW, a company in which Brien has no interest, and dismissing the appeals on behalf of Plaintiff H.S. and SuRa.

28. As a result of Defenant Bourque's actions, Plaintiffs Brien has been damaged in that he was not compensated for the percentage of the savings he acquired for Plaintiff H.S. Realty as agreed to by Bourque.

**COUNT 2**

***Breach of Fiduciary Duty by Bourque to H.S. Realty***

29. Paragraphs 1-28 are incorporated by reference as though fully set forth herein.

30. Each officer/director/shareholder of a corporation owes a fiduciary duty to the corporation and to each other in matters that relate to the corporation.

31. At all pertinent times herein, Defendant Bourque was a director/shareholder of Plaintiff H.S. Realty.

32. At all pertinent times herein, Plaintiff Brien was Vice President of H.S. Realty and as such has a duty to the corporation to prevent breaches of fiduciary duty against the corporation.

33. Plaintiff Brien, through his knowledge, effort, skill, and expertise recognized the H.S. Properties had been and continued to be overtaxed and filed numerous appeals with the Tax Board of Assessment Review on behalf of Plaintiff H.S. Realty.

34. In 2004, Defendant Bourque settled the back tax disputes filed by Plaintiff Brien, whereby Bourque agreed with the City of Woonsocket to dismiss all pending suits for back taxes by several Bourque/Brien entities, including Plaintiff H.S. Realty, in exchange for a $100,000 payment to Defendant SRW Realty, a Massachusetts Domestic Profit Corporation, registered to do business in Rhode Island and owned by Defendant Bourque.

35. Defendant Bourque breached the fiduciary duty owed to Plaintiff H.S. Realty in settling the back property tax appeal on H.S. Realty's behalf and diverting money that was due H.S. to Bourque's own company, SRW Realty.

36. As a result of Bourque's actions, Defendant SRW realized benefits from overpaid taxes that were due H.S. Realty.

37. Defendant Bourque owed H.S. a fiduciary duty which he has breached by his conduct.

38. As a result, Plaintiff H.S. Realty has been damaged.

Wherefore Plaintiffs, Brien and H.S. Realty, demand judgment against Defendants, Bourque and SRW Realty, that Plaintiffs Brien and H.S. Realty be awarded damages incurred, including, but not limited to, reasonable attorneys' fees and costs, plus any other relief this Court deems just and proper.

## COUNT 3

### *Ownership Interest in H.S. Realty's Remaining Holdings*

39. Paragraphs 1-38 are incorporated by reference as though fully set forth herein.

40. Plaintiff H.S. Realty currently holds interest in the above listed properties.

41. Plaintiff Brien is entitled to 50% of the profits from the sale of any property held by H.S. Realty, and as such is entitled to a 50% ownership in the aforementioned H.S. Realty.

42. As a result of Defendant Bourque's breaches set forth herein, Plaintiff Brien's ownership interest in Plaintiff H.S. Realty is in jeopardy.

## COUNT 4

### *Constructive Trust Based Upon Fiduciary/Confidential Relationship or Fraudulent Inducement)*

43. Paragraphs 1-32 are incorporated by reference as though fully set forth herein.

44. Each director/officer of H.S. Realty stands in a fiduciary relationship to H.S. Realty and to each other member with respect to matters which relate to H.S. Realty.

45. At all relevant times herein, Plaintiff Brien was Vice President and Defendant

Bourque was a Director of H.S. Realty.

46. The confidential or fiduciary relationship between Plaintiff Brien and Defendant Bourque was breached by Bourque's failure to compensate Brien.

47. Alternatively, Defendant Bourque fraudulently induced Plaintiff Brien to expend effort, skill and expertise by promising to pay him 33% of the savings from the property tax appeals and 50% of the remaining net profits from the sale of the land without intending to do so.

48. Plaintiff Brien had an agreement with Defendant Bourque to receive 33 % of the savings from the property tax appeals which Bourque has refused to pay and it is Plaintiff Brien's information and belief that Bourque will similarly refuse to pay him 50% of the remaining net profits from the sale of the land.

49. In reliance on Defendant Bourque's agreement, Plaintiff Brien has expended considerable skill, effort, expertise, and time in acquiring and rehabilitating the H.S. Realty property and in obtaining a reduced property tax payment.

50. Bourque saved approximately $100,000 in property tax as a result of Brien's efforts.

51. As a result of Brien's contributions, Bourque was unjustly enriched.

Wherefore Plaintiffs Brien and H.S. Realty demand declaratory judgment that Plaintiff Brien's interests in H.S. Realty are 50%, and that his interest be declared a constructive trust, in