**UNITED STATES DISTRICT COURT**

**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **ALBERT G. BRIEN, and H.S. REALTY CORPORATION, Plaintiffs** | : |
| **vs.** | : **C.A. No.** CA 06 229 ML |
| **RAYMOND L. BOURQUE, and SRW REALTY CORPORATION, Defendants** | : |

**MOTION FOR ISSUANCE OF TEMPORARY**
**RESTRAINING ORDER FORBIDDING THE TRANSFER OF ASSETS**

In accordance with the provisions of Rule 65 of the Federal Rules of Civil Procedure, plaintiffs hereby move the Honorable Court for a temporary restraining order ("TRO") against Defendant Bourque, individually and in his capacity as an officer of H.S. Realty Corporation, forbidding the transfer or encumbrance of assets of H.S. Realty Corporation by any officer, employee, agent or representative of it to any other third party until the hearing on plaintiff's Motion for Temporary Restraining Order.

The injunction sought would temporarily restrain the transfer, sale, alienation or encumbrance of any assets of H.S. Realty Corporation, by any officer, employee, agent or representative of it, to any third party until the above-reference Motion is decided by the Court.

Plaintiffs are filing contemporaneously herewith its supporting Verified Complaint and Memorandum in Support of Issuance of a Temporary Restraining Order.

WHEREFORE, Plaintiffs pray that their motion be granted.

Respectfully Submitted,
PLAINTIFFS, ALBERT G. BRIEN and
H.S. REALTY CORPORATION
By their attorneys,

Lori Caron Silveira (#3002)
Paul J. Moretti Sr. (LA Bar # 29634)
TILLINGHAST LICHT LLP
Ten Weybosset Street
Providence, RI 02903
Tel.: (401) 456-1200
Fax: (401) 456-1210

CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of May, 2006, a true copy of this Motion was sent by first-class mail, postage prepaid, to the following:

Richard W. MacAdams, Esq. and
Dennis R. Gannon, Esq.
MacAdams& Wieck Incorporated
101 Dyer Street, Suite 400
Providence, RI 02903

Jeanine Mathieu

@PFDesktop\::ODMA/MHODMA/TLSDMS.TLSLAW.COM;imanage;430302;1

**UNITED STATES DISTRICT COURT**

**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ALBERT G. BRIEN, and H.S. REALTY CORPORATION,** | : | |
| **Plaintiffs** | : | |
| | : | |
| **vs.** | : | |
| | : | C.A. No. |
| **RAYMOND L. BOURQUE, and SRW REALTY CORPORATION,** | : | |
| **Defendants** | : | |

**TEMPORARY RESTRAINING ORDER**

IT IS HEREBY ORDERED AND DECREED, effective immediately and until further order of this Honorable Court, that Defendant Raymond L. Bourque, individually and in his capacity as an officer of H.S. Realty Company and anyone acting in concert with him is enjoined from transferring, alienating, encumbering or mortgaging the following properties owned by H.S. Realty Company as described by the Deed:

- Real property situated on the southeasterly side of Mendon Road, in the City of Woonsocket, County of Providence, State of Rhode Island, described as Lots A and B on a site plan entitled "Division of Land Owned by Holley Springs Estates, Inc." in Land Evidence Records Property Book 18, Page 87and Land Evidence Records of Woonsocket, Rhode Island in Book 740, Page 235, as amended .
- A certain strip of land beginning on the easterly side of Mendon Road in the City of Woonsocket, continuing in a northeasterly direction to the land now or formerly known as Iron Trap Rock Company, in the Town of Cumberland, County of Providence, State of Rhode Island, which was formerly contemplated as an abandoned railroad.

Order GRANTED on this date by the undersigned:

______________________________ Date:______________________

Judge, United States District Court
District of Rhode Island

Presented by:
PLAINTIFFS, ALBERT G. BRIEN and
H.S. REALTY CORPORATION
By their attorneys,

Lori Caron Silveira (#3002)
Paul J. Moretti Sr. (LA Bar # 29634)
TILLINGHAST LICHT LLP
Ten Weybosset Street
Providence, RI 02903
Tel.: (401) 456-1200
Fax: (401) 456-1210

CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of May, 2006, a true copy of this Order was sent by first-class mail, postage prepaid, to the following:

Richard W. MacAdams, Esq. and
Dennis R. Gannon, Esq.
MacAdams& Wieck Incorporated
101 Dyer Street, Suite 400
Providence, RI 02903

@PFDesktop\::ODMA/MHODMA/TLSDMS.TLSLAW.COM;imanage;430305;1

**UNITED STATES DISTRICT COURT**

**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ALBERT G. BRIEN, and H.S. REALTY CORPORATION;** <br> **Plaintiffs** | : | |
| **vs.** | : | C.A. No. CA 06 229 ML |
| **RAYMOND L. BOURQUE, and SRW REALTY CORPORATION;** <br> **Defendants** | : | |

**MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER**

Contemporaneously with the filing of this Motion, Plaintiffs have filed a Verified Complaint against the Defendants grounded on the allegation that Defendant Bourque is and remains in default of its obligations to Plaintiffs for Plaintiff Brien's acquisition of certain real estate and tax benefits for H.S. Realty Realty. Specifically, it is Plaintiff Brien's contention by and through the Verified Complaint that the Defendant Bourque has not honored his agreements with Plaintiff Brien in other similar business ventures, has not made any payments to Plaintiff Brien for services rendered to Plaintiff H.S. Realty, and has diverted tax credits intended for H.S. Realty to his own corporation, Defendant SRW Realty Corporation, in which Plaintiff Brien has no interests. For these reasons, Plaintiff respectfully requests that this Court issues an order restraining Defendant Bourque, his agents and his assigns, from alienating or encumbering said property belonging to H.S. Realty Realty Company until such time as a hearing can be held to determine Plaintiff Brien's rights therein.

## FACTS

Plaintiff Brien and Defendant Bourque are involved in a real estate development of property owned by H.S. Realty Realty Corporation. More specifically as described in the Deed,

> *real property situated on the southeasterly side of Mendon Road, in the City of Woonsocket, County of Providence, State of Rhode Island, described as Lots A and B on a site plan entitled "Division of Land Owned by Holley Springs Estates, Inc." in Property Book 18, Page 87and Land Conveyance Records of Woonsocket, Rhode Island in Book 740, Page 235, as amended AND a certain strip of land beginning on the easterly side of Mendon Road in the City of Woonsocket, continuing in a northeasterly direction to the land now or formerly known as Iron Trap Rock Company, in the Town of Cumberland, County of Providence, State of Rhode Island, which was formerly contemplated as an abandoned railroad.*

(collectively referred to as "H.S. Realty properties," "H.S. Realty property," or "property"). Plaintiff Brien and Defendant Bourque entered into an agreement concerning the H.S. Realty properties whereby Plaintiff Brien acquired the said properties, has filed tax appeals for over assessment of property taxes on the properties, and has worked on obtaining permits and securing necessary contractors to rehabilitate the property. In exchange for Plaintiff Brien's expenditure of skill, effort, expertise, and time, Defendant Bourque agreed that he and Plaintiff Brien would equally split any profits derived from the sale of the H.S. Realty property. Additionally, Defendant Bourque agreed to compensate Plaintiff Brien for his time, skill, effort and expertise in securing a reduction of property taxes on the H.S. Realty property by paying him 33.3% of any savings he was to obtain on behalf of H.S. Realty. Plaintiff Brien and Defendant Bourque have been involved in numerous other similar business ventures where they have had similar agreements. Plaintiff Brien's interest in these ventures is not in the real estate, but in any profits made by the companies from the sale of the real estate after he has expended time, effort, skill and expertise in acquiring and rehabilitating the

property. Defendant Bourque's only contribution to these corporations has been in providing the capital required to fund Plaintiff Brien's acquisition and rehabilitation of the property.

Beginning in 2004, Defendant Bourque sold real estate belonging to corporations in other similar business ventures in which he and Plaintiff Brien had agreed to split profits from the sale thereof and has refused to pay Plaintiff Brien the percentage of the profits to which he was entitled. Plaintiff respectfully submits that there are no defenses to Defendant Bourque's breaches in this action. Defendant Bourque continues to control H.S. Realty Realty Corporation which is still in possession of title to the said real estate as of the filing of the Complaint in this matter. As such, he may alienate or encumber at any time, quite possibly for less than appraised value, which would lead to further irreparable injury to Plaintiffs Brien and H.S. Realty.

**LEGAL ARGUMENT**

A preliminary injunction may be granted if the movant shows a likelihood of success on the merits, a risk of irreparable harm, a favorable balance of equities, and that the injunction would be in the public interest. *Langlois v. Abington Hous. Auth.*, 207 F.3d 43, 47 (1st Cir.2000). The "sine qua non" of a preliminary injunction analysis is whether the plaintiff is likely to succeed on the merits of its claim. *Weaver v. Henderson*, 984 F.2d 11, 12 (1st Cir.1993). The Court must consider the harm caused plaintiff without the injunction, *in light of* the plaintiff's likelihood of eventual success on the merits, outweighs the harm the injunction will cause." *Vargas-Figueroa v. Saldana*, 826 F.2d 160, 162 (1st Cir.1987)(emphasis in original); accord, *Commonwealth of Massachusetts v. Watt*, 716 F.2d 946, 953 (1st Cir.1983); *cf. World Radio Mission,* 544 F.2d at 541 ("To the extent that a defendant can show harm, this must be discounted by the degree that a plaintiff can show likelihood of success.").

The First Circuit has held that they apply the federal preliminary injunction standard in a diversity case. *Ocean Spray Cranberries, Inc. v. PepsiCo, Inc.*, 160 F.3d 58, 61(1st Cir.1998). Federal courts may only grant injunctive relief after determining that no available legal remedy would be adequate to compensate the plaintiff for its losses. *See Amoco Prod. Co. v. Village of Gambell,* 480 U.S. 531, 542, 107 S.Ct. 1396 (1987); *Infusaid Corp. v. Intermedics Infusaid, Inc.*, 739 F.2d 661, 668 (1st Cir.1984); *Ward v. City of Pawtucket*, 639 A.2d 1379, 1382 (R.I.1994) (applying the same rule under Rhode Island law). Furthermore, an injunction may also be an appropriate remedy where the damage suffered by a plaintiff is too speculative, yet very real nonetheless, for a monetary award. *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 66 F.Supp.2d 317, (D.R.I., 1999), citing, *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992) ("[A]n injury is not fully compensable by money damages if the nature of the plaintiff's loss would make damages difficult to calculate.").

Accordingly, Plaintiff Brien has an agreement with Defendant Bourque, as described in the Verified Complaint filed contemporaneously with this Motion. Plaintiff Brien is entitled to a percentage of any profits from the sale of any of the H.S. Realty properties as well as a percentage of any savings Plaintiff Brien achieved for H.S. Realty through his prosecution of tax appeals on behalf of H.S. Realty. Defendant Bourque has demonstrated his unwillingness to compensate Plaintiff Brien by dismissing H.S. Realty's tax appeals in exchange for reimbursement of overpaid taxes being given to another Bourque entity, SRW Realty, a company in which Plaintiff Brien has no rights. Plaintiff H.S. Realty has been deprived by Bourque of the money it had overpaid in taxes which has resulted in a loss to H.S. Realty. Additionally, Defendant Bouque has failed to compensated Plaintiff Brien in other similar business dealings for his efforts in achieving property

tax savings for other entities by shifting any money recovered from overpayment of taxes to his SRW Realty Corporation and not to the entities entitled to the money. Further exacerbating the problem, Defendant Bourque still has control and ability to alienate or encumber the real estate in possession of H.S. Realty Realty. Should Defendant Bourque exercise his right to alienate or encumber the H.S. Realty properties, potentially at less than assessed market value, Plaintiff Brien would suffer irreparable harm.

The potential harm to Plaintiffs Brien and H.S. Realty far exceeds any harm to Defendant Bourque in enjoining his ability to alienate or encumber the H.S. Realty properties. Plaintiff Brien is not seeking to prevent the further development to increase the value of the H.S. Realty property in anticipation of a possible sale; he is merely seeking to prevent Bourque from exercising complete dominion and control over the properties and from transferring them for less than assessed value or encumbering them as to diminish their value.

## **CONCLUSION**

Based upon the foregoing argument, this court should GRANT Plaintiffs' motion for a temporary restraining order enjoining Defendant Bourque from alienating or encumbering any of the

H.S. Realty properties until such time as this matter has been heard by the Court.

Respectfully Submitted,
PLAINTIFFS, ALBERT G. BRIEN and
H.S. REALTY CORPORATION
By their attorneys,

Lori Caron Silveira (#3002)
Paul J. Moretti Sr. (LA Bar # 29634)
TILLINGHAST LICHT LLP
Ten Weybosset Street
Providence, RI 02903
Tel.: (401) 456-1200
Fax: (401) 456-1210

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of May, 2006, a true copy of this Memorandum was sent by first-class mail, postage prepaid, to the following:

Richard W. MacAdams, Esq. and
Dennis R. Gannon, Esq.
MacAdams& Wieck Incorporated
101 Dyer Street, Suite 400
Providence, RI 02903

Jeanine Mathieu

@PFDesktop\::ODMA/MHODMA/TLSDMS.TLSLAW.COM;imanage;430301;1