**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**ALBERT G. BRIEN, and H.S. REALTY CORPORATION,**
**Plaintiffs**

**vs.** : **C.A. No. 06-229 ML**

**RAYMOND L. BOURQUE and SRW REALTY CORPORATION,**
**Defendants**

## PLAINTIFFS' PRETRIAL CONFERENCE STATEMENT

Pursuant to correspondence from the Court scheduling the above-referenced case for a pretrial conference on September 27, 2006, plaintiffs Albert G. Brien and H.S. Realty Corporation hereby submit this as their pretrial conference statement, summarizing the facts of this case and identifying the legal issues presented.

## FACTUAL SUMMARY

This case is one of five similar cases involving disputes over ownership rights in corporations which hold ownership interests in real estate. This action was brought to declare the interests in H.S. Realty Corporation, as there are three other matters filed by Defendant Bourque against Plaintiff Brien in which Defendant Bourque is disputing Mr. Brien's ownership interest in other entities formed for the purpose of purchasing and developing land based upon similar oral agreements between them. The property at issue in this matter is commonly known as Holly Springs located within the City of Woonsocket, Rhode Island. Furthermore, this matter also involves a settlement of a tax appeal on behalf of H.S. Realty Corporation by Defendant Bourque in which Defendant Bourque had dismissed an appeal of H.S. Realty to secure a favorable settlement SRW Realty, a corporation in which Plaintiff Brien has no interest.

In 1995, Plaintiff Brien negotiated the purchase of the Holly Springs property from Fleet

National Bank for a price of $25,000.00, the amount of a defaulted note on the property. Plaintiff Brien caused H.S. Realty Corporation to be formed to take title in the property. Plaintiff Brien engaged Defendant Bourque to invest in the venture. The agreement between Plaintiff Brien and Defendant Bourque was an oral agreement with regards to their ownership rights in H.S. Realty Corporation, whereby in exchange for 50% ownership interest in the corporation, Defendant Bourque would provide the capital investment for the acquisition of the property and the costs associated with its development (for which he would be reimbursed upon winding up of the corporation) and Mr. Brien would perform any work necessary to develop and market the property for sale. Mr. Brien and Mr. Bourque had engaged in oral agreements regarding their ownership interests in corporations in other dealings between them. The value of this property has increased substantially over the years and is worth at least $850,000 (as will be proven by a current appraisal of the property) at this time.

In or about 1996, Mr. Brien believed the Holly Springs property had been improperly assessed property taxes and that Holly Springs had in fact overpaid property taxes based on the improper assessment. Mr. Brien agreed to file tax appeals on behalf of H.S. Realty and in exchange Mr. Bourque agreed that Mr. Brien would receive 33% of any savings to H.S. Realty that the tax appeals achieved. On February 12, 1997, the City of Woonsocket Tax Assessor granted H.S. Realty's tax appeal, agreed that H.S. Realty had overpaid prior property taxes and reduced the assessment for future taxes. In December 2004, Defendant Bourque, as a representative of H.S. Realty and without the knowledge of Plaintiff Brien, agreed to dismiss the appeal of the H.S. Realty tax appeal in exchange for a favorable settlement in favor of SRW Realty, a company in which Mr. Brien has no interest. As part of the settlement award, SRW received a $100,000 credit for

overpayment of past taxes as well as a reassessment for future property taxes. Mr. Brien was never compensated for 33% of the savings in property taxes that were achieved through the appeals he initiated on behalf of H.S. Realty.

Plaintiffs are not only agreeable to arbitration of all of the matters which are subject to these numerous litigations between the parties, but believe the matters could be resolved in a more efficient and cost effective manner to all of the parties through arbitration.

## LEGAL ISSUES

1. A declaration of Plaintiff Brien's interest in H.S. Realty Corporation and his entitlement to any proceeds therefrom upon sale of the property owned by H.S. Realty.

2. Whether Defendant Bourque breached his fiduciary duty to H.S. Realty, in self dealing, when he dismissed H.S. Realty's tax appeal in order to secure a favorable settlement to his company, a company in which Mr. Brien had no interest, SRW Realty.

3. Whether Defendant Bourque breached his fiduciary duty, in self dealing, to Mr. Brien as an co-owner of H.S. Realty, when he dismissed the tax appeal of H.S. Realty in favor of his company, a company in which Mr. Brien had no interest, SRW Realty.

4. Whether Defendant Bourque breached his contract with Mr. Brien by failing to pay him 33% of the savings H.S. Realty realized from the tax appeal.

5. Whether Plaintiff Brien is entitled to have his interests in H.S. Realty declared a constructive trust if it is found that Defendant Bourque breached his fiduciary duty.

ALBERT G. BRIEN and H.S. REALTY CORP.
By their attorneys,

/s/ Paul J. Moretti Sr.

Lori Caron Silveira (#3002)
Paul J. Moretti Sr. ( # 7433)
Tillinghast Licht LLP
10 Weybosset Street
Providence, RI 02903
(401) 456-1200
(401) 456-1210 (fax)

CERTIFICATE OF SERVICE

I hereby certify that on the 25 day of September, 2006, I delivered a copy of this written statement to Defendants, cm-ecf, to the following:

Richard W. MacAdams, Esq. and
Dennis R. Gannon, Esq.
MacAdams & Wieck Incorporated
101 Dyer Street, Suite 400
Providence, RI 02903
401-454-8755 (Fax)

/s/ Paul J. Moretti Sr.